Dorothy L. Mackinnon, Individually and as Executrix of Bergan A. Mackinnon, Deceased, Appellant, *v.* Advance Pattern Company, Incorporated, et al., Respondents.

*Per Curiam.* The question involved on this appeal is whether the word "heirs" used in an agreement between decedent and defendant Advance Pattern Company, Incorporated, governing the payment of commissions during decedent's life and after his death, is ambiguous and whether evidence in the form of other documents and statements made by decedent is admissible to show that his intent was to benefit his wife and infant children rather than all his heirs at law.

Undoubtedly "heirs" normally means heirs in the accepted legal sense and is not an ambiguous word. Also undoubtedly in an instrument of the kind described in section 47-c of the Decedent Estate Law the word "heirs" would have to be construed to mean the distributees defined as heirs in that law. The agreement in question, however, was not such an instrument and was dictated by decedent, a layman, without the benefit of counsel and without any indicated acquaintance with legal terminology. As employed by a lawyer in a legal document the word "heirs" is a word of art of exact meaning. As used by a layman the word is apt to be of looser meaning and simply embrace those to whom he leaves his property. We do not feel obliged, therefore, in viewing the homespun document here, to attach a precise legal meaning to the words used and rule out of consideration the abundant evidence which surrounds the making of the document revealing decedent's intention.

We would readily enough assume that the word "heirs" wherever used is used in its normal and accepted legal sense and would require a clear and convincing showing that another meaning was intended. We find here that the assumption is amply rebutted and that the evidence of decedent's intention and desire is exceptionally clear and conclusive.

Under the circumstances presented in this case, we think that the trial court should not have stricken the evidence which was received subject to a motion to strike and that upon that evidence a decision should have been rendered in favor of plaintiff.

The judgment appealed from should be modified by deleting the direction requiring plaintiff to account to the individual defendants and dismissing the defendants' counterclaims, with costs to appellant.

Peck, P. J., Dore, Cohn, Breitel and Bastow, JJ., concur.

Judgment unanimously modified by deleting the direction requiring plaintiff to account to the individual defendants and dismissing the defendants' counterclaim, with costs to the appellant. Settle order on notice.